Kerry K. Fennelly (SBN 232621)
kfennelly@donaldsonandcornwell.com
Valentina S. Mindirgasova (SBN 272746)
vmindirgasova@donaldsonandcornwell.com
CORNWELL & BALDWIN
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100 tel
(760) 747-1188 fax

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CALIFORNIA IRONWORKERS FIELD PENSION TRUST, BOARD OF TRUSTEES OF THE CALIFORNIA IRONWORKERS FIELD WELFARE PLAN, BOARD OF TRUSTEES OF THE CALIFORNIA FIELD IRON WORKERS VACATION TRUST FUND, BOARD OF TRUSTEES OF THE CALIFORNIA FIELD IRONWORKERS APPRENTICESHIP TRAINING AND JOURNEYMAN RETRAINING FUND, BOARD OF TRUSTEES OF THE CALIFORNIA AND VICINITY FIELD IRONWORKERS ANNUITY TRUST FUND, BOARD OF TRUSTEES OF THE CALIFORNIA FIELD IRON WORKERS ADMINISTRATIVE TRUST, BOARD OF TRUSTEES OF THE CALIFORNIA FIELD IRONWORKERS LABOR MANAGEMENT COOPERATIVE TRUST FUND, BOARD OF TRUSTEES OF THE IRONWORKERS WORKERS' COMPENSATION TRUST, AND BOARD OF TRUSTEES OF THE IRONWORKER MANAGEMENT PROGRESSIVE ACTION | CASE NO. 5:17-cv-1816<br><br>**COMPLAINT:**<br>1. **BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND RELATED TRUST AGREEMENTS**<br>2. **VIOLATION OF SECTION 515 OF ERISA** |

1

COMPLAINT

| | |
|---|---|
| COOPERATIVE TRUST, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| FLORES STEEL CONSTRUCTION, INC., a California Corporation, | ) ) ) ) |
| Defendant. | ) ) ) ) |

Plaintiffs complain and allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case under Section 502(e) of the Employee Retirement Income Securities Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e), which grants the district courts of the United States, the exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502 (a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of 29 U.S.C. §1132(f).

2. This Court also has jurisdiction over this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), which grants the district courts of the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), as it is the district in which the subject employee benefit plans are administered, it is the district in which the relevant acts took place, and it is the district in which monies are due and payable.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant 28 U.S.C. § 1367(a).

**PARTIES**

5. Plaintiffs are the trustees of the CALIFORNIA IRONWORKERS FIELD PENSION TRUST ("Pension Trust"), CALIFORNIA IRONWORKERS FIELD WELFARE PLAN ("Welfare Plan"), CALIFORNIA FIELD IRON WORKERS VACATION TRUST FUND ("Vacation Trust"), CALIFORNIA FIELD IRONWORKERS APPRENTICESHIP TRAINING AND JOURNEYMAN RETRAINING FUND (Training Fund"), CALIFORNIA AND VICINITY FIELD IRONWORKERS ANNUITY TRUST FUND ("Annuity Fund"), CALIFORNIA FIELD IRON WORKERS ADMINISTRATIVE TRUST ("Admin. Trust"), CALIFORNIA FIELD IRONWORKERS LABOR MANAGEMENT COOPERATIVE TRUST FUND ("LMC Trust"), IRONWORKERS WORKERS' COMPENSATION TRUST ("Workers' Comp. Trust"), and IRONWORKER MANAGEMENT PROGRESSIVE ACTION COOPERATIVE TRUST ("IMPACT") (collectively "Trust Funds").

6. The Trust Funds are each duly organized and operating in the State of California.

7. The Trust Funds are multiemployer trust funds created and maintained pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c).

8. The Pension Trust, Welfare Plan, Vacation Trust, Training Fund, and Annuity Fund are multiemployer plans within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §§1002(37)(A) and 1145, and the Plaintiff trustees of these five Trust Funds are "fiduciar[ies]" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

9. Plaintiffs are informed and believe, and allege thereon, that Defendant FLORES STEEL CONSTRUCTION, INC., a California Corporation ("Defendant"), is and at all times relevant herein was, a corporation organized and existing under the state laws of the State of California with its principal place of business in Hemet, California.

# FIRST CLAIM FOR RELIEF
## BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND RELATED TRUST AGREEMENTS

10.    Plaintiffs hereby incorporate by reference paragraphs 1 through 9 above to the same effect as if set forth verbatim here.

11.    On or about September 14, 2004, Defendant executed an agreement entitled Iron Workers Independent Agreement ("Independent Agreement"). Attached hereto as Exhibit 1 and incorporated herein by reference is the executed copy of the Independent Agreement.

12.    By and through the Independent Agreement, Defendant has agreed to be bound by the terms and conditions of the collective bargaining agreement known as the Iron Worker Employers State of California and a portion of Nevada… and District Council of Iron Workers of the State of California and Vicinity Master Agreement ("Master Agreement"), and the declarations of Trust for each of the Trust Funds ("Trust Agreements"). The Master Agreement and Trust Agreements are collectively referred to herein as the "Agreements." At all relevant times herein, Defendant was obligated under terms and conditions of the Agreements.

13.    Pursuant to the Agreements and the rules, regulations and procedures of the Trust Funds, Defendant is required to submit true and complete monthly reports, and pay to the Trust Funds, and each of them, certain sums for each hour paid and/or worked during the month by iron workers employed by Defendant ("contributions").

14.    Said reports and contributions were agreed to be due and payable by a date certain in the succeeding month in which the hours of work was performed. Defendant is required to submit monthly reports showing zero hours if no iron workers are employed.

15.    Pursuant to the terms of the Agreements, Defendant is required to ensure its subcontractors satisfy all obligations under the Agreements, including the payment of the contributions, and Defendant is primarily liable for any unpaid contributions owed

as a result of the hours paid and/or worked by the iron workers employed by its subcontractors.

16. Pursuant to the terms of the Agreements, the Trust Funds are authorized to examine and audit the books and records of Defendant to determine whether Defendant is making full and prompt payment of all sums required to be paid to the Trust Funds. The Agreements further provide that in event an audit discloses that Defendant has failed to correctly report and pay contributions in accordance with the Agreements for reason other than clerical error or omission, Defendant shall be liable for an hourly charge for the audit, the unpaid contributions, liquidated damages, reasonable attorney's fees and any other costs of collection.

17. The Agreements are binding upon the heirs, executors, administrators, successors, purchasers, and assigns of Defendant, including any name or style under which business is conducted with respect to work covered by the Agreements.

18. Plaintiffs are informed and believe, and allege thereon, at relevant times herein, Defendant performed work covered by the Agreements.

19. Defendant failed to timely pay contributions owed to Plaintiffs as required by the Agreements for the period of at least April 2017 through June 2017 and ongoing. Accordingly, Defendant is in breach of the Agreements.

20. By reason of the foregoing, Defendant is obligated to pay Plaintiffs unpaid contributions in an amount to be established by proof at trial of at least $300,098.66.

21. Pursuant to the Agreements, Defendant is obligated to pay to Plaintiffs liquidated damages for the determinant caused by its failure to pay contributions owed to Plaintiffs in a timely manner. Plaintiffs are informed and believe, and thereon allege, that liquidated damages are due and payable from Defendant to Plaintiffs assessed through August 24, 2017 in an amount to be established by proof at the time of trial of at least $60,984.28.

22. Pursuant to the Agreements, Defendant owes Plaintiffs interest on all unpaid contributions from the dates the sums were originally due to the Trust Funds. Plaintiffs

are informed and believe, and thereon allege, that interest is due and payable from Defendant to Plaintiffs assessed through August 24, 2017 in an amount to be established by proof at the time of trial of at least $4,496.11.

23. It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting the amounts due. Plaintiffs have also incurred auditing and other costs related to such collections. Pursuant to the Agreements, Plaintiffs are entitled to their reasonable attorney's fees and all costs in connection therewith in an amount to be established by proof at the time of trial.

24. Plaintiffs are informed and believe, and thereon allege, that there is no legal excuse for Defendant's breach of the Agreements.

25. The Agreements do not require Plaintiffs to exhaust administrative remedies before initiating this action.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF SECTION 515 OF ERISA

26. Plaintiffs hereby incorporate by reference paragraphs 1 through 25 above to the same effect as if set forth verbatim here.

27. Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement".

28. Defendant failed to timely pay contributions owed to Plaintiff as required under the Agreements from at least April 2017 through June 2017 and ongoing. As such, Defendant is in violation of Section 515 of ERISA.

29. By reason of the foregoing, and pursuant to the Agreements and section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to contributions of at least $300,098.66, plus liquidated damages, interest, audit fees, attorney's fees and costs from Defendant. These amounts shall be established by the proof at the time of trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1. For unpaid contributions in an amount as proved of at least $300,098.66;
2. For liquidated damages in an amount as proved of at least $60,984.28;
3. For interest in an amount as proved of at least $4,496.11;
4. For an Order requiring Defendant to submit their records to Plaintiffs for the months of July 2017 to the present;
5. For audit expenses in amount as proved;
6. For Plaintiffs' reasonable attorney's fees incurred herein;
7. For Plaintiffs' costs of suit incurred herein; and
8. For such additional relief as the Court deems just and proper.

Dated: September 7, 2017          /s/ Kerry K. Fennelly
                                  Kerry K. Fennelly, Esq.
                                  Valentina S. Mindirgasova, Esq.
                                  CORNWELL & BALDWIN
                                  1017 East Grand Avenue
                                  Escondido, CA 92025
                                  (760)747-1100 tel
                                  (760)747-1188 fax
                                  kfennelly@donaldsonandcornwell.com
                                  vmindirgasova@donaldsonandcornwell.com

                                  Attorneys for Plaintiffs