UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-1816 JGB (SPx)** | Date | March 1, 2018 |
| Title | *Board of Trustees of the California Ironworkers Field Pension Trust, et al. v. Flores Steel Construction, Inc.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Plaintiffs' Motion for Default Judgment (Dkt. No. 12); and (2) VACATING the March 5, 2018 Hearing (IN CHAMBERS)

Before the Court is Plaintiffs' Motion for default judgment. ("Motion," Dkt. No. 12.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court GRANTS the Motion. The March 5, 2018 hearing is VACATED.

### I.   BACKGROUND

Plaintiffs Board of Trustees of the California Field Iron Workers Administrative Trust, Board of Trustees of the California Field Iron Workers Vacation Trust Fund, Board of Trustees of the California Field Ironworkers Apprenticeship Training and Journeyman Retraining Fund, Board of Trustees of the California Field Ironworkers Labor Management Cooperative Trust Fund, Board of Trustees of the California Ironworkers Field Pension Trust, Board of Trustees of the California Ironworkers Field Welfare Plan, Board of Trustees of the California and Vicinity Field Ironworkers Annuity Trust Fund, Board of Trustees of the Ironworker Management Progressive Action Cooperative Trust, Board of Trustees of the Ironworkers Workers Compensation Trust (collectively, "Plaintiffs") filed a Complaint against Defendant Flores Steel Construction ("Flores Steel") on September 7, 2017. Plaintiffs are the trustees of their respective Trust Funds, five of which are multiemployer trust funds within the meaning of sections 3(37) and 515 of the Employee Retirement Income Securities Act ("ERISA"), 29 U.S.C. § 1002(37)(A) and 1145. (Compl. ¶ 8.) The Complaint alleges: (1) breach of written collective bargaining agreement

and related trust agreements, and (2) violation of § 515 of ERISA, 29 U.S.C. § 1132(e).  (See Compl.)

On or about September 14, 2004, Flores Steel executed the Iron Workers Independent Agreement ("Independent Agreement").  (Compl. ¶ 11; Compl., Ex. 1.)  Through the Independent Agreement, Flores Steel agreed to be bound to the Iron Worker Employers State of California and a Portion of Nevada . . . and District Council of Iron Workers of the State of California and Vicinity Master Agreement ("Master Agreement") and the declarations of Trust for each of the Trust Funds ("Trust Agreements") (collectively, the "Agreements").  (Compl. ¶ 12.)  Pursuant to the Agreements, Flores Steel is required to submit monthly reports and pay to each Trust Fund certain sums for each hour paid and/or worked during the month by iron workers employed by Defendant.  (Id. ¶ 13.)  The Agreements also authorize the Trust Funds to audit Flores Steel's books and records.  (Id. ¶ 16.)  Defendant performed work covered by the Agreements.  (Id. ¶ 18.)

Defendant was properly served with the Complaint, summons, and other Court documents by substituted service.  (Dkt. No. 9.)  Personal delivery was made to Defendant's address on September 30, 2017.  (Id.)  A copy of the documents was then mailed to Defendant's address on October 2, 2017.  (Id.)  Despite being served with the summons and Complaint, Defendant failed to file a response within the time prescribed by the Federal Rules of Civil Procedure.

After Defendant failed to file a responsive pleading, Plaintiffs filed a request for entry of default against it on November 7, 2017.  (Dkt. No. 10.)  The Clerk of this Court entered default against Defendant on November 9, 2017.  (Dkt. No. 11.)  On February 2, 2018, Plaintiffs moved for default judgement, requesting $527,168.45 in damages, attorneys' fees, and costs.  (Dkt. No. 12.)  No opposition was filed.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), a court may order default judgment following the entry of default by the Clerk of the Court.  Local Rule 55-1 requires an application to the Court for default judgment be accompanied by a declaration that conforms to the requirements of Federal Rule of Civil Procedure 55(b) and set forth the following information:

> (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Servicemembers Relief Act does not apply; and (5) that notice of the application has been served on the defaulting party, if required.

L.R. 55–1.

Whether to enter default judgment is within the sound discretion of the district court.  Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir. 1980).  In Eitel v. McCool, 782 F.2d 1470 (9th Cir.

1986), the Ninth Circuit set forth the following factors for consideration in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 ("Eitel factors"). Upon entry of default, the well-pleaded factual allegations of a complaint are deemed true; however, allegations pertaining to the amount of damages must be proven. TeleVideo Systems Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). A plaintiff is required to provide evidence of his damages, and a court may rely only on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2). Further, the damages sought must not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III.  DISCUSSION

Plaintiffs move this Court to enter default judgment against Defendant. Plaintiffs seek to recover employee fringe benefit contributions, liquidated damages, interest, and attorney's fees and costs owed to the Trust Funds. (Mot. at 3.) In order for default judgment to be entered in their favor, Plaintiffs must meet the procedural requirements described above and establish that, on balance, the Eitel factors weigh in their favor. The Court evaluates these factors below.

**A.  Procedural Requirements**

Plaintiffs have satisfied the procedural requirements for entry of default judgment by the Court. Pursuant to Federal Rule of Civil Procedure 55, Plaintiffs did not petition for entry of default judgment until after default was entered against Defendant by the Clerk. (Dkt. No. 11.) Additionally, Plaintiffs' Motion and accompanying declaration set forth the information required by the Local Rules of this Court. (Cuthbertson Decl. ¶¶ 11, Dkt. No. 12-2; Dkt. No. 12.) Plaintiffs' counsel also represents that notice of this Motion was served by mail to Defendants. (Dkt. No. 12.)

**B.  Eitel Factors**

**1.  Possibility of prejudice to plaintiffs**

Plaintiffs would suffer prejudice if the Court does not enter default judgement. Because Defendant has not appeared in this action, a default judgment is the only means by which Plaintiffs may recover. Absent a default judgment by this Court, Defendant will have avoided liability simply by not responding to Plaintiffs' action. Therefore, this factor weighs in favor of default judgment. Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (finding

the plaintiff would suffer prejudice absent entry of a default judgment because of the defendant's unwillingness to cooperate and defend against the claim).

### 2. Substantive merits of plaintiffs' claims

The second and third Eitel factors concern the merits of Plaintiffs' substantive claims, and the sufficiency of the complaint. Eitel, 782 F.2d at 1471-72. "The Ninth Circuit has suggested that these two factors require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002) (internal citation omitted). Here, Plaintiffs assert two claims—violation of § 515 of ERISA and breach of contract—and seeks default judgment on both.

ERISA provides that an employer is obligated to make contributions to multiemployer benefits plans under a collective bargaining agreement in accordance with the agreement's terms. 29 U.S.C. § 1145. Thus, the elements for a § 515 claim are: (1) the trust fund is a multiemployer plan, (2) defendant is an employer obligated to pay contributions under the terms of the plan, and (3) defendant failed to pay contributions in accordance with the plan. Bd. of Trustees of Sheet Metal Workers v. Sawyer, 2000 WL 1006522, at * 1 (N.D. Cal. July 13, 2000).

Plaintiffs assert Defendant violated the Agreements and ERISA by failing to pay contributions in accordance with the Agreements from at least April 2017 to June 2017, and ongoing. (Compl. ¶ 28.) Moreover, the evidence demonstrates that Plaintiffs and Defendant were bound to the Agreements, through the Independent Agreement, during the relevant time period. (Compl., Ex. 1.) Plaintiffs also provide evidence that Flores Steel was delinquent on its contributions from April 2017 – December 2017. (Ex. L, Dkt. No. 12-4.) Based upon the allegations in the Complaint and the provided evidence, the Court concludes there is a basis for Defendant's liability under ERISA for unpaid benefits contributions.

To state a claim for breach of contract, a plaintiff must show "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis West Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011) (citation omitted). However, Plaintiffs' breach of contract claim is preempted by ERISA. With certain exceptions, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). When considering preemption, courts "begin with the assumption that 'Congress does not intend to supplant state law,' a presumption that is particularly strong for 'state action in fields of traditional state regulation.'" Gerosa v. Savasta & Co., 329 F.3d 317, 323–24 (2d Cir. 2003) (citation omitted) (quoting N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 654–55 (1995)). Thus, any breach of contract claim based on Defendant's alleged failure to make contributions pursuant to the Agreements would "duplicate[], supplement[], or supplant[] the . . . civil enforcement remedy" set forth in § 502(a)(3) of ERISA, conflicting with the clear congressional intent to make the ERISA remedy exclusive. See Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004). Therefore, it is preempted. See id. (holding respondents' Texas law causes of action to remedy denial of benefits under ERISA-regulated

plans were completely preempted by ERISA); Cummings v. City of New York, 2017 WL 438366, at *10 (S.D.N.Y. Sept. 29, 2017) (holding Plaintiffs state law claims for breach of contract was preempted by ERISA).

### 3. Sum of money at stake

The fourth Eitel factor examines the amount of money at stake in the action relative to the gravity of the defendant's conduct. PepsiCo, 238 F. Supp. 2d at 1176. Plaintiffs seek a total monetary judgment of $527,168.45: $327,067.35 in unpaid contributions, $169,199.35 in liquidated damages, $16,516.10 in interest, $13,855.65 in attorneys' fees, and $530 in costs. (See Mot.)

Here, Defendant has repeatedly failed to make the required benefit contributions for its employees. Due to the continuous nature of Defendant's conduct, the affected employees may not receive their lost benefits absent court intervention. Plaintiffs' request for damages is commensurate with their statutory rights under ERISA. Thus, the Court finds this factor weighs in favor of granting the Motion.

### 4. Possibility of dispute concerning material facts

Upon entry of default, all well-pleaded factual allegations are deemed true—except those pertaining to damages. TeleVideo, 826 F.2d at 917; Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. Feb. 11, 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Because Defendants have not appeared in this action or asserted any defenses, it is unlikely that disputes as to material facts will arise. Accordingly, this factor favors default judgment.

### 5. Whether default was due to excusable neglect

Under the sixth factor, the court must consider whether a defendant's default may have been due to excusable neglect. Eitel, 782 F.2d at 1472. This factor favors default judgment where the defendant has been properly served or the plaintiff demonstrates the defendant is aware of the action. Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. Jan, 23, 2012). In the instant case, Defendant was properly served with the summons and Complaint on September 30, 2017 and October 2, 2017, and was served with the instant Motion. (Dkt. Nos. 9, 12.) Accordingly, the Court concludes Defendant's default was not the product of excusable neglect. Thus, this factor favors entry of default judgment.

### 6. Policy favoring decision on the merits

Generally, default judgments are disfavored because "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472 (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). However, where a defendant fails to appear

and respond, default judgment is appropriate. Wecosign, 845 F. Supp. 2d at 1083. Here, Defendants' failure to appear or defend against this action makes a decision on the merits impracticable. Therefore, this factor weighs in favor of default judgment.

On balance, the Eitel factors weighs in favor of default judgment against Defendant. Thus, the Court GRANTS the Motion for default judgment.

**C. Requested Relief**

Rule 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A plaintiff must "prove up" the amount of damages. Aifang v. Velocity VIII, L.P., 2016 WL 5420641, at *7 (C.D. Cal. Sept. 26, 2016).

   1. **Monetary relief**

The Court shall award an administrator seeking to recover delinquent contributions under § 515:

> (A) the unpaid contributions,
> (B) interest on the contributions,
> (C) an amount equal to the greater of
>    (i) interest on the unpaid contributions, or
>    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A)
> (D) reasonable attorney's fees and costs of the action, to be paid by defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). This provision is mandatory, not discretionary. See Northwest Administrator's, Inc. v. Albertson's, Inc., 104 F.3d 253, 257 (9th Cir. 1996).

Plaintiffs seek a total monetary judgment of $527,168.45: $327,067.35 in unpaid contributions, $169,199.35 in liquidated damages, and $16,516.10 in interest stemming from outstanding contributions for the months of April 2017 through December 2017. (See Mot; Ex. L, Dkt. No. 12-4.) In support of these allegations, Plaintiffs provided a declaration and exhibits from Sherri Cuthbertson, an employer accounts manager at the Ironworker Employees' benefit Corporation, which administers the Trust Funds. (Cuthbertson Decl. ¶ 2.) Through her employment, Cuthbertson possesses records of Flores Steel's contributions and audits of their records. (Id. ¶ 10.) Plaintiffs' documentation indicates that Flores Steel has an unpaid benefits contribution balance of $327,067.35 from April 2017- December 2017. (Ex. L.)

Plaintiffs' Trust Agreements identify how liquidated damages are calculated. (Cuthbertson Decl. ¶ 17; Ex. B – Ex. J.) The amount of liquidated damages sought represents an aggregate of penalties, ranging from 0% - 20% of the delinquent contributions, according to the respective

Trust Agreement. (Id.) Plaintiffs' documentation establishes liquidated damages in the amount of $169,199.35. (Ex. L.)

Cuthbertson's declaration sets forth the interest calculation for the Trust Funds, according to their respective Trust Agreements. (Cuthbertson Decl. ¶ 18; Ex. B- J.) Although Plaintiffs have been able to recoup some of Defendant's unpaid contributions since the onset of this lawsuit, they represent they have not collected any of the interest owed by Defendant. (Cuthbertson Decl. ¶ 25.) According to these calculations, the Court finds Plaintiffs' documentation satisfactorily establishes Flores Steel has an interest balance of $16,516.10. (Ex. L.)

### 2. Attorneys' fees and costs

Pursuant to Local Rule 55-3, Plaintiffs seek $13,855.65 in attorneys' fees and $530 in costs. (Mot. at 6.) Local Rule 55-3 permits an award of attorneys' fees as $5,600 plus 2% of the amount over $100,000 for judgments over $100,000, where the applicable statute provides for a recovery of reasonable attorneys' fees. L.R. 55-3. Here, the total of unpaid contributions, liquidated damages, and interest amounts to $512,782.80. Accordingly, Local Rule 55-3 provides for an award of 13,855.65.[1] Plaintiffs have also incurred $530 in costs. (Fennelly Decl. ¶ 3-4, Dkt. No. 12-5.) Pursuant to 29 U.S.C. §1132(g)(2)(d), the Court finds Plaintiffs' claims for $13,855.65 and $530 are reasonable.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs' Motion for default judgment is GRANTED. Judgment shall be entered as follows:

1. As to Plaintiffs second claim, Plaintiffs are AWARDED:
    a. $327,067.35 in unpaid contributions
    b. $16,516.10 in interest
    c. $169,199.35 in liquidated damages
    d. $13,855.65 in attorneys' fees
    e. $530 in costs.

2. Plaintiffs are ORDERED to mail a copy of this order and the judgment concurrently filed therewith to Defendant. Plaintiffs shall file Proof of Service with the Court within ten days of the date of this Order.

**IT IS SO ORDERED.**

---

[1] Calculated as $5,600 + (($512,782.80-$100,000)*.02) = $13,855.65.